**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| DUKHAN IQRAA JIHAD MUMIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOHN KOONTZ; GARY LAUDERVILLE; NEY T. MCDANIEL; DAVE PATTON; JOHN MCDUFFY; JAMES M. MCHUGH; JOSHUA J. WALSH; OFFICER BONER; LAURA SCHEFFERT JAMES; CITY OF STORM LAKE, IOWA; BUENA VISTA COUNTY, IOWA; BUENA VISTA COUNTY BOARD OF SUPERVISORS; OFFICER ALLIE; ROB DANIELSON; OFFICER TAMMY; STEVE JENKINS; TAHA TAWILL; KELLI COLLINS; DANIEL CRAIG; CONTRACT ATTORNEY; UNKNOWN JAILER CHRIS; JOHN R. BALDWIN; and SHAUN HOWARD,<br><br>　　　　Defendants. | **No. 09-CV-4074-DEO**<br><br>**MEMORANDUM OPINION AND ORDER** |

_____

## I.　BACKGROUND

Mr. Mumin is currently confined at the Clarinda Correctional Facility ("CCF") in Page County, Iowa, for forgery following his conviction in <u>State of Iowa v. Mumin</u>. Docket No. 1 at 3. On October 9, 2009, Mr. Mumin filed a pro se 42 U.S.C. § 1983 complaint with this Court, alleging an array of civil rights violations by numerous employees of the

State of Iowa since his arrest on February 1, 2009. Docket No. 1. The named Defendants in Mr. Mumin's original complaint can be organized into two groups: (1) Defendants from Buena Vista County, Iowa, and (2) Defendants from Page County, Iowa. Defendants from Buena Vista County are situated in the Northern District of Iowa; Defendants from Page County are situated in the Southern District of Iowa. Among the claims Mr. Mumin originally alleged against the Buena Vita County Defendants was a claim that he was never afforded a preliminary hearing as required by the United States Constitution. Docket No. 1 at 7-8. Mr. Mumin's claim against the Page County Defendants relates to their refusal to provide religious accommodations at the Clarinda Correctional Facility. Docket No. 1 at 13-18.

On December 16, 2009, Defendant Gary Lauderville, Sheriff of Buena Vista County, filed a motion for a more definite statement and supporting brief pursuant to Federal Rule of Civil Procedure 12(e). Docket No. 5. On March 8, 2010, Defendants Ali Sievers and Tammi Nehrling, jailers for Buena Vista County, also filed a motion for a more definite statement with supporting brief. Docket No. 6.

In its Order dated March 23, 2010, this Court - at Mr. Mumin's request and giving due regard to the special needs of pro se petitioners and in an attempt to reconcile Mr. Mumin's pleadings with the basic requirements of Federal Rules of Civil Procedure 8(a), 8(d)(1), and 10 - directed the Clerk of Court to appoint counsel for Mr. Mumin and ordered Mr Mumin not to "file any further pleadings on his own behalf . . . ." Docket No. 10 at 5. The Order also denied Defendants' motions for a more definite statement as moot. Docket No. 10 at 4.

On March 9, 2010, Attorney Ingram filed a notice of appearance on behalf of Mr. Mumin. Docket No. 12. On December 8, 2010, Mr. Ingram then filed an amended complaint naming only Page County Defendants Kelli Collins and Daniel Craig, Associate Warden and Warden at the Clarinda Correctional Facility, respectively. Docket No. 26. The amended complaint specifically alleges Defendants Collins and Craig are violating Mr. Mumin's rights under the First and Fourteenth Amendment of the United States Constitution and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Docket No. 26. Also on December 8, 2010, Mr. Ingram filed a motion for a change of venue, noting that the only claim advanced in the amended complaint relates to events that took

3

place in the Southern District of Iowa and that the only Defendants named in the amended complaint are currently residing in that District. Docket No. 27 at 1. At a subsequent hearing, Mr. Ingram expressed he was refusing to present Mr. Mumin's other claims in order to comply with the Federal Rule of Civil Procedure 11. Docket No. 36. Thereafter, Buena Vista Defendants Launderville, Sievers, Nehring, Koontz, and the City of Storm Lake, Iowa, filed motions resisting the change of venue, noting the claims against them were not yet resolved. Docket Nos. 28 and 29.

Complicating matters further, on December 22, 2010, Mr. Mumin, in violation of this Court's Order of March 23, 2010, directing him to file no further pleadings, filed a pro se application for temporary restraining order and supplement to his attorney's complaint. Mr. Mumin's supplemental complaint again named the Buena Vista County Defendants. Both Mr. Mumin's motion for temporary restraining order and supplemental complaint were based on his claim that his due process rights were violated because he was not provided a preliminary hearing subsequent to arrest. Docket No. 30. On March 16, 2011, this Court heard arguments from Mr. Mumin, Mr.

Ingram, and some of the attorneys representing the Buena Vista County Defendants.

Presently, this Court will resolve three issues: (1) Mr. Mumin's motion for temporary restraining order, (2) Mr. Mumin's supplemental claim that he was denied a preliminary hearing in violation of his Fourth Amendment rights, and (3) whether a change of venue is proper for the claims against the Page County Defendants.

## II.   PRO SE MOTION FOR TEMPORARY RESTRAINING ORDER

This Court is mindful that Mr. Mumin, in filing his pro se motion for a temporary restraining order and supplement to Mr. Ingram's amended complaint, violated this Court's Order of March 23, 2010. On March 15, 2010, Mr. Mumin was provided a copy of Rule 41 of the Local Rules of the United States District Courts for the Northern District of Iowa, noting that his case may be dismissed based on his failure to comply with an order of the court. Docket No. 7-1 at 2. Though it is within this Court's authority, this Court does not here dismiss on those grounds.

Mr. Mumin argues both his pro se motion for a temporary restraining order and his supplement to his attorney, Mr. Ingram's, amended complaint, arise from a failure of various

Defendants in Buena Vista County to provide a preliminary hearing. A review of the case law Mr. Mumin cites reveals there is no such constitutional right. What the Constitution does require, generally, is a determination of probable cause within 48 hours after a warrantless arrest. See County of Riverside v. McLaughlin, 500 U.S. 44 (1991); and Gerstein v. Pugh, 420 U.S. 103 (1975).

In Gerstein, the U.S. Supreme Court considered whether a person held subject to a warrantless arrest "is constitutionally entitled to a judicial determination of probable cause for pretrial restraint of liberty." 420 U.S. at 105. The Court held that a state "must provide a fair and reliable determination of probable cause . . . before or promptly after arrest." 420 U.S. at 125. In McLaughlin, the Court refined the Gerstein rule, holding "that a jurisdiction that provides judicial determination of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement . . . ." 500 U.S. at 56.

A Court may issue a temporary restraining order based upon "specific facts in an affidavit or a verified complaint," which "clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . . ." Fed. R.

6

Civ. P. 65(b)(1)(A). An affidavit is a "declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths . . . ." Black's Law Dictionary, 62 (8th ed. 2009). In this case, Mr. Mumin's request for a temporary restraining order was not verified nor was it accompanied by an affidavit, and it is, therefore, improper. See Docket No. 30.

Even assuming Mr. Mumin intended to file for a preliminary injunction rather than a temporary restraining order, this Court is convinced such action is unwarranted. In Dataphase Systems, Inc. v. C.L. Systems, Inc., the Eighth Circuit Court of Appeals laid out the basic test for whether a preliminary injunction should be granted. 640 F.2d. at 114 (8th Cir. 1981). The Dataphase court identified four factors to be considered:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

Id.

The Buena Vista Defendants originally held Mr. Mumin pending trial but have since transferred him to the Clarinda

Correctional Facility, and they are no longer in a position to threaten Mr. Mumin with irreparable harm. Mr. Mumin has already been convicted and is currently serving out his sentence in Page County. The <u>Gerstein</u> court made it clear that "a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." 420 U.S. at 119. Therefore, it is difficult to comprehend what threat of irreparable harm Mr. Mumin faces from the Buena Vista Defendants. Furthermore, as discussed below, the basis of Mr. Mumin's implicit claim, i.e. failure to provide a probable cause determination, does not survive on the merits.

### III. PROBABLE CAUSE DETERMINATION

Both <u>McLaughlin</u> and <u>Gerstein</u> note there is no single preferred approach a State must take to comply with the Fourth Amendment. 500 U.S. at 53 (citing <u>Gerstein</u>, 420 U.S. at 123). All that is required is a prompt determination of probable cause to detain a defendant by a disinterested magistrate. <u>Gerstein</u>, 420 U.S. at 125. Probable cause "can be determined reliably without an adversary hearing." <u>Gerstein</u>, 420 U.S. at 120. Further, "jurisdictions may choose to combine probable cause determinations with other pretrial proceedings . . . ."

8

McLaughlin, 500 U.S. at 58. Specifically, the McLaughlin court ruled a jurisdiction is "entitled to combine probable cause determinations with arraignments." Id. The Iowa Rule of Criminal Procedure 2.2(1) provides:

> An officer making an arrest with or without a warrant shall take the arrested person without unnecessary delay before a committing magistrate . . . If the defendant received a citation or was arrested without a warrant, the magistrate shall, prior to further proceedings in the case, make an initial, preliminary determination from the complaint, or from an affidavit or affidavits filed with the complaint or from an oral statement under oath or affirmation from the arresting officer or other person, whether there is probable cause to believe that an offense has been committed and that the defendant has committed it. The magistrate's decision in this regard shall be entered in the magistrate's record on the case.

Iowa R. Crim. P. 2.2(1).

The limited record of the Iowa State Court proceedings this Court has received indicates Mr. Mumin's forgery violation occurred on February 1, 2009, and that he was arraigned on February 2, 2009, one day after the alleged forgery. Docket No. 32 at 5. Mr. Mumin's pleadings confuse the constitutional necessity for a probable cause determination with the necessity for a preliminary hearing. See Docket No. 30. Further, Mr. Mumin has provided no

9

evidence demonstrating the Magistrate failed to make a proper probable cause determination at arraignment. This Court refuses to presume, absent evidence to the contrary, that the Magistrate did not do his job in accordance with Iowa law. Therefore, it is this Court's ruling that Mr. Mumin's supplement to Mr. Ingram's complaint is not meritorious and is hereby dismissed. Mr. Ingram's complaint on behalf of Mr. Mumin is discussed below.

### IV. MOTION TO CHANGE VENUE

With Mr. Mumin's claims related to the Buena Vista Defendants dismissed, there is no resistance to Attorney Ingram's motion to change venue. 28 U.S.C. § 1391(b) provides the general rule for venue in cases involving federal questions. It states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b)

When before this District, Mr. Mumin's claims against Page County Defendants do not satisfy any of the 28 U.S.C. § 1391(b) criteria. The events in question took place at the Clarinda Correctional Facility in Page County, Iowa, and the Defendants reside in Page County. Therefore, pursuant to authority under 28 U.S.C. § 1404, this Court hereby orders this case be transferred to the Southern District of Iowa.

## V. CONCLUSION

**IT IS THEREFORE HEREBY ORDERED**:

(1) Plaintiff's claims against Buena Vista County Defendants are dismissed with prejudice;

(2) Plaintiff's motion for a temporary restraining order (Docket No. 30) is **denied**; and

(3) Plaintiff's motion for change of venue (Docket No. 27) is **granted**. The Clerk of Court for the Northern District of Iowa is instructed to transfer this case to the Southern District of Iowa.

**IT IS SO ORDERED** this 2nd day of May, 2011.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa